## DALTON v. NORTH HAMPTON.

A petition pursuant to Rev. Stat. ch. 50, § 9, by a party aggrieved by an assess-
ment by the selectmen of damages caused by the laying of a road, is a peti-
tion relating to roads, within the meaning of section 4 of the same chapter,
and may be referred by the court of common pleas to the road commissioners.

Upon such a petition, neither party is entitled to a trial by jury, under the twen-
tieth article of the Bill of Rights, the case falling within the exception con-
tained in that article.

PETITION to the court of common pleas for an increase of
damages awarded by the selectmen in laying out a highway
in North Hampton, in this county.

The petitioner set forth that upon a petition of T. L.
Marston and others, for a new highway in said North
Hampton, &c., a new road was laid out, &c., and is now
open for public travel, which passes through the land of the
petitioner; that the selectmen who laid out the road award-
ed to him $30 damages; that he thinks himself aggrieved
by said award, and therefore prays the court for redress, and
that such damages may be awarded him as may be just.

The town of North Hampton had due notice of the peti-
tion, and at the September term, 1848, the petition was re-
ferred to the road commissioners for the county, who gave
notice to all parties, and after a hearing, reported to the
court that they had assessed the damages sustained by the
petitioner at ninety-five dollars fifty-four cents. The town
then moved that the proceedings on said petition, and par-
ticularly the reference to the road commissioners, and their
report might be quashed—

1st. Because the court had no legal authority so to refer
the same;

2d. Because said petition is not a petition relating to
roads, within the meaning of the statute;

3d. Because the court can derive no facts or information
from the report, as to the damages which should be justly
awarded to said petitioner;

4th. Because said town desires and is entitled to a trial by jury upon the question as to the amount of damages to be allowed;

And thereupon it was ordered that the questions arising upon the foregoing case be reserved and assigned to the determination of the superior court.

*H. F. French*, for the defendant.

*G. Marston*, for the plaintiff.

WOODS, J. This is a petition to the court of common pleas by a party supposing himself aggrieved by an assessment of damages caused by a highway laid by the selectmen over his land. The damages were of course assessed by the selectmen who laid the road, and the petition was instituted by virtue of the ninth section of the fiftieth chapter of the Revised Statutes, which authorizes that court, upon such petition, and upon notice to the town and to others interested, to award such damages as may be just. The court referred the petition to the road commissioners, and a question arises as to the regularity of that proceeding.

By the fourth section of the chapter cited, of the power of the court of common pleas in relation to the laying out of highways, the court is authorized to refer to the road commissioners " all petitions relating to roads." This being plainly a petition relating to roads, the question would seem to be concluded by the provisions of that section.

It is, however, said that the petitions relating to roads referred to in that section, are the same, and none others, that are indicated in the first section of the chapter, and among which the present is not embraced. But we see no ground for so restricting the meaning of the words of the fourth section; and its purpose appears to us to be to direct the course of proceeding with respect, not only to the classes of petitions that had been previously mentioned, but with re-

spect to all petitions relating to highways mentioned in the statute. The statute must be taken to mean what its language imports, and the relative position of its various provisions is not to be considered in its construction, unless made important and material by something contained therein.

The statute treats of four cases named in the first section, and of one named in the ninth, in which the court of common pleas may entertain petitions relating to roads. The fourth and eighth, with the intervening sections, point out the course to be pursued with all petitions relating to roads that may come before the court. There is nothing in the statute that indicates any intention of the legislature that one class of petitions should take a different direction from the others, since they all plainly and upon their face relate to roads, and are comprehended in the chapter, whose title as clearly ranks them all under that category.

So far from anything repugnant to the apparent intention of the legislature being perceived in this view, strong arguments of convenience and analogy appear to confirm the construction we have given. The road commissioners have peculiar means in their powers and their modes of proceeding, to investigate with success the merits of such a petition, which the court of common pleas do not possess, and which a jury cannot use in ordinary cases without great inconvenience and expense.

The exception that the town is entitled to a trial by jury, as in " all controversies concerning property," cannot prevail. The subject was considered in *Backus* v. *Lebanon*, 11 N. H. Rep. 20, where it was held, that this was a case in which a contrary practice had prevailed before the constitution, and therefore a trial by jury was not secured by the 20th article of the Bill of Rights, which makes an exception of such cases. The motion to quash must therefore be denied.

*Motion denied.*